UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EQUIPMENT CORPORATION OF AMERICA, INC.,

        Plaintiff,

  v.                                    Case No. 07-C-749

RV JET, INC.,

        Defendant.

## DECISION AND ORDER

Plaintiff Equipment Corporation of America ("ECA") brought suit against RV Jet, seeking declaratory and injunctive relief for what it alleged was RV Jet's default under an aircraft ownership agreement between the parties. ECA has now moved for summary judgment. Both sides now agree that the terms of that agreement prohibit RV Jet from unilaterally (that is, without ECA's consent) encumbering the jet in question with any liens, and RV Jet has admitted that it has been in default under the agreement.

Although it concedes the default question and has agreed to ECA's reading of the agreement, RV Jet argues summary judgment is not appropriate because it has satisfied the liens and has offered to stipulate that the agreement does in fact prohibit such encumbrances. It has also agreed to stipulate that it will not encumber the jet at any time in the future. In light of these offers of stipulation, it believes there is no longer a live controversy between the parties.

Although it seems the parties now agree on the meaning of the contract terms, that does not mean ECA's claim for declaratory relief is moot.[1] RV Jet has stated that it will agree to the very relief sought in ECA's claim for a declaratory judgment. Such an agreement does not "moot" the issue – it means ECA wins. A defendant's voluntary agreement to cease an offending practice can sometimes moot an otherwise live dispute, but that is a doctrine based on a defendant's *behavior*. *Ovadal v. City of Madison, Wis.,* 469 F.3d 625, 628 (7th Cir. 2006) ("If a defendant voluntarily ceases the behavior that is complained of, the case can be rendered moot"). In contrast, a concession on a point of law in the face of a motion for summary judgment does not somehow "moot" that issue – it means the other side *wins* that issue. The mootness doctrine is a matter of the court's subject matter jurisdiction, and crying "uncle" at the summary judgment stage does not deprive a court of jurisdiction just because the defendant concedes a legal point. Accordingly, the claim for declaratory relief is not moot.

ECA also has claims for permanent injunctive relief and attorney's fees. ECA seeks an injunction preventing RV Jet from encumbering the aircraft with any liens in the future. Although RV Jet has stated that it will stipulate to that, the offer to stipulate does not moot RCA's claim for injunctive relief. Although the issue is not moot, it does not seem that a permanent injunction is warranted. In essence, ECA is seeking to permanently enjoin RV Jet from breaching the parties' contract, which some courts call "a negative decree of specific performance of the agreement." *DiabloSport, LLC v. Granatelli Motor Sports, Inc.,* 2005 WL 2465019, 1 (M.D. Fla. 2005). It is unclear how specific performance would be justified under these circumstances when the damages resulting from breach are chiefly monetary (e.g., damages resulting from an over-encumbered piece

---

[1] I take RV Jet's "offer to stipulate" as a stipulation itself as to the meaning of the contract.

2

of property). Moreover, a permanent injunction would imply that the Court intends to supervise the continued performance of the agreement, and that is not generally a proper use of a court's equitable powers. *See, e.g., Niagara Mohawk Power Corp. v. Graver Tank & Manufacturing Co.,* 470 F.Supp. 1308, 1326 (N.D.N.Y. 1976). Instead, should RV Jet breach or threaten to breach the contract again, nothing prohibits ECA from returning to court to seek injunctive relief at that point. Accordingly, I conclude that permanent injunctive relief is not warranted.

Similarly, ECA's claim for attorney's fees is not moot merely because RV Jet has now acceded to ECA's legal positions. Paragraph 16(h) of the agreement provides for attorney's fees to the prevailing party in any lawsuit "commenced to enforce the provisions of this Agreement." (Compl., Ex. C.) RV Jet suggests somehow that ECA is pursuing this lawsuit to harass RV Jet, but it is only now, at the summary judgment stage, that RV Jet has agreed (or offered to agree) to ECA's interpretation of the contract. If anything, it is puzzling why ECA was forced to involve the Court and bring a summary judgment motion asserting positions with which RV Jet now agrees.

The motion for summary judgment is **GRANTED**. The Court declares that RV Jet has breached the Joint Ownership Agreement by encumbering the Gates Lear Jet aircraft without ECA's consent. ECA is directed to file, within seven days, a statement of its reasonably incurred attorney's fees, and the parties are instructed to attempt to come to agreement on reasonable fees. If such agreement cannot be reached, RV Jet may file a short brief in response to ECA's fee request. Such response will be due within 7 days of ECA's filing.

**SO ORDERED** this   3rd   day of November, 2008.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge